1 | Manatt, Phelps & Phillips, LLP
REBECCA L. TORREY (Bar No. CA 153866)
2 | E-mail: RTorrey@Manatt.com
ANDREW L. SATENBERG (Bar No. CA 174840)
3 | E-mail: ASatenberg@manatt.com
JOANNA M. HOOPER (Bar No. CA 242029)
4 | E-mail: JHooper@Manatt.com
11355 West Olympic Boulevard
5 | Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
6 | Facsimile: (310) 312-4224

7 | Attorneys for Defendants
KINDRED HEALTHCARE INC., KINDRED
8 | HEALTHCARE OPERATING, INC., KINDRED
HOSPITALS WEST LLC, KINDRED NURSING
9 | CENTERS WEST, LLC, and THC-ORANGE
COUNTY, INC.

10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13

14 | DEBBIE FITZPATRICK-SECKLER and
RICHARD SILVA, individually and on
15 | behalf of all others similarly situated,

No. **SACV10-01188 CJC (MLGx)**

16 | Plaintiffs,

NOTICE OF REMOVAL OF CIVIL
17 | vs.
ACTION TO UNITED STATES
DISTRICT COURT UNDER 28 U.S.C.
18 | KINDRED HEALTHCARE INC.,
§§ 1441 AND 1446
KINDRED HEALTHCARE
19 | OPERATING, INC., KINDRED
[Filed concurrently with:
HOSPITALS WEST, L.L.C., KINDRED
(1) Certificate as to Interested Parties;
20 | NURSING CENTERS WEST, L.L.C.,
(2) Notice to Adverse Parties;
THC-ORANGE COUNTY, INC. d/b/a
(3) Corporate Disclosure Statement;
21 | KINDRED HOSPITAL
(4) Declaration of Joanna M. Hooper;
WESTMINSTER, and DOES 1 through
(5) Declaration of Kathy Lickteig.]
22 | 100, INCLUSIVE,

23 | Defendants.

24

25 |     Defendant Kindred Healthcare Operating, Inc. ("KHOI") hereby gives notice

26 | that it is removing the captioned cause, originally filed in the Superior Court of the

27 | State of California for Orange County, Case No. 30-2010-00386797-CU-OE-CXC

28 | to the United States District Court for the Central District of California at Santa

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Ana. KHOI removes the case pursuant to 28 U.S.C. §§ 1441 and 1446, on the

2    grounds set forth below.

3        1.    On July 1, 2010, plaintiffs Debbie Fitzpatrick-Seckler and Richard

4    Silva ("Plaintiffs"), acting individually and on behalf of a putative class of persons

5    they seek to represent, filed this action in Orange County Superior Court.

6        2.    Plaintiffs filed a first amended complaint on July 14, 2010.

7        3.    Kindred Healthcare, Inc., Kindred Hospitals West, LLC, Kindred

8    Nursing Centers West, LLC, and THC-Orange County, Inc. were first served with a

9    copy of the summons and the complaint on July 9, 2010. KHOI was served with

10   the first amended complaint on July 21, 2010. Kindred Hospitals West, LLC,

11   Kindred Nursing Centers West, LLC, and THC-Orange County, Inc. were served

12   with the first amended complaint on July 26, 2010. Kindred Healthcare, Inc. was

13   served with the first amended complaint on July 27, 2010. Removal of this action

14   is therefore timely, in that KHOI has filed the notice of removal within 30 days of

15   receiving the summons and complaint. *See* 28 U.S.C. § 1446(b).

16       4.    According to the docket for the Orange County Superior Court for this

17   action, the civil case cover sheet, summons, complaint, first amended complaint,

18   summons for first amended complaint, and notice of status conference constitute all

19   process, pleadings, papers and orders filed in Orange County Superior Court in this

20   action within the meaning of 28 U.S.C. § 1446(a). Copies of these documents are

21   attached as Exhibit A. Exhibit A constitutes the complete record of all records and

22   proceedings in state court.

23       5.    The removal of this action terminates all proceedings in Orange

24   County Superior Court. *See* 28 U.S.C. § 1446(d).

25       6.    KHOI removes this action pursuant to the Class Action Fairness Act of

26   2005 ("CAFA"), 28 U.S.C. 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this

27   action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) all

28   members of the proposed class of plaintiffs are citizens of a state (California)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1  different from the states in which KHOI is a citizen (Delaware and Kentucky); and

2  (c) the alleged amount in controversy exceeds $5,000,000.

3                          **Proposed Class Action**

4       7.      Plaintiffs allege that this case is brought as a class action, FAC ¶¶ 1,

5  16, 18-22 (Ex. A), and appear to seek certification of the putative class under

6  California Code of Civil Procedure section 382. *Id.* ¶¶ 1, 16, 18-22.  Therefore, this

7  action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as

8  "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or

9  similar State statute or rule of judicial procedure authorizing an action to be brought

10 by 1 or more representative persons as a class action."

11                          **Minimal Diversity**

12      8.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert

13 jurisdiction over a class action in which "any member of a class of plaintiffs is a

14 citizen of a State different from any defendant."  Such minimal diversity exists

15 among the parties.  Upon information and belief, KHOI avers that Plaintiffs were,

16 as of the time of the filing of the FAC, residents of California, as they allege.  FAC

17 ¶ 3, 4 (Ex. A).  Plaintiff seeks to represent a class that consists of "all non-exempt

18 employees of Kindred whose wages were subject to an automatic meal break

19 deduction, even when those employees performed compensable work during these

20 unpaid time periods." *Id.* ¶ 1.  KHOI is organized under the laws of Delaware, with

21 principal place of business in Kentucky, as Plaintiffs' allegations show in part. *Id.*

22 ¶ 6; Declaration of Joanna Hooper ¶ 2.  Accordingly, there is complete diversity

23 between Plaintiffs and the putative class they seek to represent, and KHOI, thereby

24 satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

25                          **Amount in Controversy**

26      9.      This is an "action in which the matter in controversy exceeds the sum

27 or value of $5,000,000." 28 U.S.C. § 1332(d)(2).  "In any class action, the claims

28 of the individual class members shall be aggregated to determine whether the

1   matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

2   and costs." 28 U.S.C. § 1332(d)(6).

3         10.    When a plaintiff fails to plead a specific amount of damages and if the

4   amount in controversy is not "facially apparent" from the complaint, "the court may

5   consider facts in the removal petition" to determine the amount at issue. *Kroske v.*

6   *US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm*

7   *Mut. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

8         11.    Plaintiffs seek an order compelling payment to each putative class

9   member of alleged unpaid compensation under a multitude of theories of liability,

10   including uncompensated overtime pay for hours worked in excess of eight hours

11   per day and in excess of forty (40) hours per pay week, uncompensated premium

12   pay, and unspecified other excluded compensation. Plaintiffs further seek penalties

13   of one hour's pay for each putative class member's missed meal periods and missed

14   rest periods. They also seek the disgorgement of all profits from these claimed

15   unfair business practices, with prejudgment interest. For every putative class

16   member whose employment ended with any amount of compensation unpaid under

17   any of the above theories, Plaintiffs seek waiting time penalties of up to thirty (30)

18   days pay pursuant to Labor Code section 203. Additionally, Plaintiffs seek

19   penalties, $50.00 per employee for the first violation and $100.00 for each wage

20   statement failing to itemize the correct payment of all wages. On all of these

21   amounts, Plaintiffs seek pre-judgment interest pursuant to Labor Code section 1194

22   and California Civil Code section 3287(b) and attorneys' fees and costs pursuant to

23   Labor Code sections 2699, 218.5, 1194, 210, and 212. FAC, Prayer for Relief (Ex.

24   A).

25         12.    KHOI denies any liability in this case and intends to vigorously oppose

26   class certification. KHOI reserves all rights in this regard. For purposes of

27   jurisdictional requirements for removal only, KHOI has evidence showing that the

28   allegations in the Plaintiffs' first amended complaint put in controversy, in the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

1    aggregate, an amount that exceeds $5,000,000.

2         13.    Putting compensation differences aside for the moment, the payroll

3    records show that during the one-year period encompassed by the putative class

4    definition, KHOI has assisted in the issuance of in excess of 91,850 itemized wage

5    statements for individuals encompassed in the putative class definition. *See*

6    Lickteig Decl., ¶ 4. Assessing the penalties Plaintiffs allege are due for erroneous

7    wage statements, by the FAC, Plaintiffs seek in excess of $4 million in wage

8    statement penalties alone. Additionally, the payroll records show that during the

9    four year period encompassed by the putative class definition, approximately 5,100

10   individuals within the putative classes identified by Plaintiffs were discharged,

11   voluntarily or involuntarily. *See* Lickteig Dec. ¶ 3. Assessing the penalties which

12   Plaintiffs allege are due for failure to pay all compensation earned at the time of

13   discharge, by the FAC Plaintiffs seek in excess of $25 million in waiting time

14   penalties. These figures do not include any of the additional various types of

15   alleged uncompensated wages Plaintiffs seek for themselves and putative class

16   members. Accordingly, the amounts sought by Plaintiffs exceeds the jurisdictional

17   amount specified in 28 U.S.C. § 1332(d)(6).

18        14.    Moreover, in addition to seeking wages and penalties, Plaintiffs seeks

19   attorneys' fees under Labor Code sections 2699, 218.5, 1194, 210, and 212. This

20   amount of claimed attorneys' fees, aggregated on a class-wide basis, may be

21   factored into the amount-in-controversy calculation. *See Galt G/S v. JSS*

22   *Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) ("Where an underlying statute

23   authorizes an award of attorneys' fees . . . such fees may be included in the amount

24   in controversy").

25        15.    In sum, the alleged aggregated damages, penalties and fees which

26   Plaintiffs seek surpass the $5,000,000 amount in controversy required under CAFA.

27                           **Removal is Proper**

28        16.    Pursuant to 28 U.S.C. § 1453, a suit over which a district court would

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

1  have original jurisdiction under CAFA may be removed to federal court from state

2  court, as provided by 28 U.S.C. § 1441(a).  Therefore, KHOI is entitled to remove

3  the instant action to this Court, because the Court could have asserted original

4  jurisdiction over the case.

5      17.   Orange County Superior Court lies within the Central District of

6  California.  Accordingly, removal to this district is proper.  *See* 28 U.S.C.

7  § 1441(a).

8      18.   Written notice of the filing of this Notice of Removal and the removal

9  of the state court action is being delivered to Plaintiffs through their counsel of

10  record.  A copy of this Notice of Removal will be filed promptly with the Clerk of

11  the Orange County Superior Court, as required by 28 U.S.C. § 1446(d).  KHOI

12  attaches as Exhibit B to this Notice a copy of the notice to be filed with the state

13  court.

14      WHEREFORE, KHOI respectfully gives notice that the above-entitled action

15  is removed from the Orange County Superior Court to the United States District

16  Court for the Central District of California.

17

18  Dated:   August 5, 2010               Manatt, Phelps & Phillips, LLP
                                         Rebecca L. Torrey
19                                        Andrew L. Satenberg
                                         Joanna M. Hooper
20

21

22  By: _____
                                         Joanna M. Hooper
23                                        Attorneys for Defendant
                                         KINDRED HEALTHCARE INC.,
24                                        KINDRED HEALTHCARE
                                         OPERATING, INC., KINDRED
25                                        HOSPITALS WEST LLC,
                                         KINDRED NURSING CENTERS
26                                        WEST, LLC, and THC-ORANGE
                                         COUNTY, INC.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| W. Michael Hensley SBN 90437<br>ADORNO YOSS ALVARADO & SMITH<br>1 MacArthur Place, Suite 200<br>Santa Ana, California  92707<br><br>TELEPHONE NO.: 714-852-6800   FAX NO.: 714-852-6899<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/01/2010** at 09:02:39 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME: DEBBIE FITZPATRICK-SECKLER and RICHARD
SILVA v. KINDRED HEALTHCARE INC., et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | C 30-2010-00386797-CU-OE-CXC |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [X] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Ronald L. Bauer<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*  6
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 1, 2010
W. Michael Hensley SBN 90437
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT A**

7

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** KINDRED HEALTHCARE INC., KINDRED
*(AVISO AL DEMANDADO):* HEALTHCARE OPERATING GROUP, INC.,
KINDRED HOSPITALS WEST L.L.C. KINDRED NURSING CENTERS
WEST, L.L.C., THC-ORANGE COUNTY, INC. d/b/a KINDRED
HOSPITAL WESTMINSTER and DOES 1 through 100,
INCLUSIVE,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/01/2010** at 09:02:39 AM
Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** DEBBIE FITZPATRICK-
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* SECKLER and RICHARD
SILVA, individually and on behalf of all others
similarly situated;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

ORANGE COUNTY SUPERIOR COURT
700 Civic Center Drive West
700 Civic Center Drive West
Santa Ana, 92701

CASE NUMBER:
*(Núm.)* 30-2010-00386797-CU-OE-CXC

Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
W. Michael Hensley SBN 90437        714-852-6800    714-852-6899
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA  92707

DATE:        **07/01/2010**    ALAN CARLSON, Clerk of the Court    Clerk, by _____, Deputy
*(Fecha)*                                                          *(Secretario)*    Maarit H Nordman    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]          **SUMMONS**          Legal Solutions Plus          Code of Civil Procedure §§ 412.20, 465

8

1   W. MICHAEL HENSLEY (CA Bar No. 90437)
    mhensley@adorno.com
2   ROBERT J. STEIN (CA Bar No. 212495)
    rstein@adorno.com
3   ADORNO YOSS ALVARADO & SMITH
    A Professional Corporation
4   1 MacArthur Place, Suite 200
    Santa Ana, California 92707
5   Tel: (714) 852-6800
    Fax: (714) 852-6899
6

7   JEFFREY A. KLAFTER
    SETH R. LESSER
8   FRAN L. RUDICH
    KLAFTER OLSEN & LESSER LLP
9   Two International Drive, Suite 350
    Rye Brook, NY 10573
10  Tel: (914) 934-9200
    Fax: (914) 934-9220
11

12  Attorneys for
    Plaintiff, individually and on behalf
    of the Putative Class
13

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

07/01/2010 at 09:02:39 AM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

14

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

15

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

Judge Ronald L. Bauer

16

17  DEBBIE FITZPATRICK-SECKLER and
    RICHARD SILVA, individually and on behalf of
    all others similarly situated;
18
                Plaintiffs,
19
    v.
20
    KINDRED HEALTHCARE INC., KINDRED
21  HEALTHCARE OPERATING GROUP, INC.,
    KINDRED HOSPITALS WEST L.L.C.
22  KINDRED NURSING CENTERS WEST,
    L.L.C., THC-ORANGE COUNTY, INC. d/b/a
23  KINDRED HOSPITAL WESTMINSTER and
    DOES 1 through 100, INCLUSIVE,
24
                Defendants.
25

CASE NO.:   30-2010-00386797-CU-OE-CXC

CLASS ACTION

COMPLAINT FOR VIOLATIONS OF
STATE WAGE AND HOUR LAWS;
CLAIMS FOR DAMAGES;
RESTITUTION AND INJUNCTIVE
RELIEF

DEMAND FOR JURY TRIAL

26

27

28

1
COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES;
RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

9

Plaintiffs Debbie Fitzpatrick-Seckler and Richard Silva individually and other similarly situated employees (hereinafter collectively "Plaintiffs" or "Named Plaintiffs"), bring this lawsuit against Defendants Kindred Healthcare, Inc., Kindred Healthcare Operating Inc., Kindred Hospitals West L.L.C., Kindred Nursing Centers West, L.L.C., THC-Orange County Inc., d/b/a/ Kindred Hospital Westminster and Does 1 through 100, inclusive (hereinafter, collectively "Defendants" or "Kindred") seeking to recover for Defendants violations of California wage and hour laws.

## The Parties

1.      This action is brought on behalf of all non-exempt employees of Kindred whose wages were subject to an automatic meal break deduction, even when those employees performed compensable work during these unpaid time periods.

2.      Plaintiffs on behalf of themselves and other current and former non-exempt employees of Defendants in California (the "Class"), seek relief for unremedied violations of California law, including but not limited to damages and/or restitution for non-payment of all wages due and owing them, for overtime pay for all hours worked over 40 in a workweek, compensation for labor provided without rest or meal period breaks, and for failure to provide accurate wage statements.

3.      Plaintiff Debbie Fitzpatrick-Seckler was, at all relevant times, an adult individual, residing in Huntington Beach, California.  Starting in or about January 2008 and continuing, Plaintiff Fitzgerald-Seckler has been employed by Defendants as a non-exempt licensed vocational nurse at Defendants' facility located at 200 Hospital Circle, Westminster, California.

4.      Plaintiff Richard Silva was, at all relevant times, and adult individual, residing in Tustin, California.  Starting in or about July 1993 and continuing thereafter, Plaintiff Silva has been employed by Defendants as a non-exempt respiratory care practitioner, at Defendant facility located at 200 Hospital Circle, Westminster, California (including Orange County).

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

*10*

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

5.      Defendant, Kindred Healthcare, Inc. is a Delaware corporation, doing business within the State of California (including Orange County).

6.      Defendant, Kindred Healthcare Operating Inc., is a Delaware corporation, doing business within the State of California (including Orange County).

7.      Defendant, Kindred Hospitals West, LLC, is a Delaware limited liability company, wholly owned by Kindred Healthcare Operating, Inc., or an affiliate of the same, doing business within the State of California (including Orange County).

8.      Defendant, Kindred Nursing Centers West, LLC, is a Delaware limited liability company, wholly owned by Kindred Healthcare Operating, Inc., or an affiliate of the same, doing business within the State of California (including Orange County).

9.      Defendant, THC - Orange County, Inc., d/b/a Kindred Hospital Westminster, is a California corporation (including Orange County).

10.     The names and capacities of defendants sued herein under California Code of Civil Procedure § 474 as Does 1 through 100, inclusive, are presently not known to Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs, the members of the Class and the general public.

11.     According to its March 2010 Investor Presentation, Kindred Healthcare Inc., is a healthcare services company that operates hospitals, nursing centers and a contract rehabilitation services business across the United States.  It is the largest operator of long-term acute care hospitals (83), is the second largest operator of nursing and rehabilitation centers (222), and the second largest contract rehabilitation services business, providing rehabilitative services.  It operates through various subsidiaries and affiliates, including Kindred Healthcare Operating, Inc., Kindred Hospitals

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

3

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

11

1   West L.L.C., Kindred Nursing Centers West, L.L.C., and TC-Orange County, Inc. d/b/a Kindred

2   Hospital Westminster, and the Defendants here operate in concert and together in a common

3   enterprise and through related activities, as here relevant, so that the actions of one may be imputed

4   to the other and/or so that they operate as joint employees within the meaning of the laws set forth

5   herein.

6

7       12.    As is stated in the 2009 Annual Report of Kindred Healthcare, Inc., the Kindred

8   companies have annual revenues of over $4 billion and employee approximately 54,100 employees

9   in 41 states.

10      13.    According to the corporate website of the Kindred entities, site, Kindred operates at

11   least ten facilities in California.  See, http://www.kindredhealthcare.com/find-a-facility/.

12      14.    Defendants are, and all relevant times were, employers under applicable California

13   Industrial Welfare Commission Orders.

14

15                   **Venue**

16      15.    The violations as alleged herein arose in Orange County, as well as other counties

17   throughout the state.

18           **Defendants' Wage and Hour Violations**

19      16.    Plaintiffs, on behalf of themselves individually and all others similarly situated non-

20   exempt employees of Defendants in California, allege that Defendants have a policy and practice of

21   automatically deducting 30-minute for meal/rest breaks from the pay of all non-exempt employees

22   even when they performed compensable work during these meal/rest breaks, in violation of

23

24   California's wage and hour laws, and thus routinely deny employees, such a Plaintiffs and the Class

25   their statutory rights.

26      17.    For at least four years prior to the filing of this Complaint, Defendants have willfully

27   committed widespread violations of California wage and hour laws.

28

4

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES;
RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

12

## Class Action Allegations

18.     The Class is sufficiently numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the Class Period (namely, July 1, 2006 through the date that a class is certified), Defendants have employed hundreds of persons who satisfy the definition of the Class.

19.     There is a well-defined community of interest in the questions of law and fact.  The questions of law and fact common to the Class predominate over questions that may affect individual class members, including but not limited to:

        a.     whether Plaintiffs and the Class were expected to and and/or mandated to regularly work during unpaid meal/rest breaks;

        b.     whether Defendants failed to pay Plaintiffs and the Class for all hours they worked due to the fact that Defendants automatically deducted 30 minute meal/break periods notwithstanding that its non-exempt employees regularly performed compensable work during these "meal breaks;

        c.     whether Defendants have failed to pay Plaintiffs and the Class all overtime compensation due them;

        d.     whether Defendants failed to provide the Plaintiffs and the Class with  meal and/or rest brakes as required by law;

        e.     whether Defendants failed to pay Plaintiffs and the Class for meal and/or rest brakes as required by law;

        f.     whether Defendants failed to provide accurate wage statements to its employees; and

        g.     whether the systematic acts and practices of the Defendants of failing to pay Plaintiffs and the Class for all hours they worked and for all overtime compensation due

5

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

13

them, violated the applicable provisions of the California Labor Code, including but not limited to §§ 201, 202, 203, 226, 226.7 510, 512, 558, 1174, 1174.5, 1194, 1197 and 2698, and applicable Industrial Welfare Commission Orders and California Business & Professions Code § 17200, *et seq.*

20.    The Plaintiffs' claims are typical of the Class members' claims.  The Plaintiffs, like other Class members, were subjected to Defendants' policy and practice of automatically deducting 30-minute meal periods even when they performed compensable work during these breaks.

21.    The Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel competent and experienced in the prosecution of complex class actions and wage and hour violations.

22.    Class certification of the claims are appropriate pursuant because Plaintiffs and the members of the Class have all suffered irreparable harm and damages as the result of Defendants' unlawful and wrongful conduct, including but not limited to Defendants' systematic failure to pay for all hours worked, systematic failure to pay overtime wages, systematic failure to provide for rest and meal breaks, systematic failure to pay for meal and/or rest brakes and failure to provide accurate wage statements. Absent class treatment, Defendants' unlawful conduct will likely continue unremedied and uncorrected since the damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of these claims.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FIRST CAUSE OF ACTION FOR

### Violation of California Labor Law §§ 226, 510, 558, 1194 *et seq.*; Wage Order No. 4-2001

### (Against All Defendants)

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

14

23.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

24.     During all relevant periods, by virtue of automatically deducting 30-minute for meal/rest breaks from the pay of all non-exempt employees even when they performed compensable work during these meal/rest breaks, Defendants required Plaintiffs and members of the Class to work shifts in excess if eight hours per day, and to work in excess of 40 hours per week.

25.     During all relevant periods, both the California Labor Code and the pertinent wage orders required that all work performed by an employee in excess of eight hours in any workday, or in excess of 40 hours in any workweek, be compensated at one and one-half times the employee's regular rate of pay.

26.     Defendants failed to compensate Plaintiffs and the members of the Class for overtime hours they worked in excess of eight hours in any workday or in excess of 40 hours in any workweek, at one and one-half times their regular rate of pay.

27.     By their conduct, as set forth herein, the Defendants violated California Labor Code § 226 and Plaintiffs and the Class are entitled to recover their unpaid overtime compensation and liquidated damages arising therefrom according to proof.

## SECOND CAUSE OF ACTION FOR
### Violation Of California Labor Law § 1197
#### (Against All Defendants)

28.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

---

7

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

15

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

29.     California Labor Code § 1197 provides "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

30.     Defendants failed to perform their obligations to compensate the Plaintiffs and the members of the Class, at least minimum wage for all hours worked, including but not limited to the time they performed compensable work during any unpaid meal/rest breaks.

31.     As a direct result of Defendants' Labor Code violations, the Plaintiffs and the members of the Class have suffered losses related to the use and enjoyment of compensation due and owing to them.  The Plaintiffs and the Class seek all available remedies for Defendants' violations, including, but not limited to, all wages due, penalties, monies, interest, liquidated damages pursuant to Labor Code § 1194.2, all according to proof, as well as attorneys' fees and costs.  Further, because Labor Code § 1197 is specified in Labor Code § 2699.5, the provisions of Labor Code § 2699.3(a) applies to the recovery of civil penalties in conjunction with the violation of Labor Code § 1197.

### THIRD CAUSE OF ACTION FOR

### Violation Of California Labor Law §§ 201, 202 & 203

### (Against All Defendants)

32.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

33.     California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

8

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

16

34.  All Class members who ceased employment with Defendants are entitled to unpaid compensation, but, to date, have not received such compensation.

35.  More than 30 days have passed since particular California Class members left Defendants' employ.

36.  As a direct result of Defendants' willful conduct in not paying compensation for all hours worked, all Class members whose employment ended during the class period are entitled to 30 days' wages under Labor Code § 203 according to proof, together with interest thereon and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION FOR

### Violation Of California Labor Code §§ 226.7 & 512

### (Against All Defendants)

37.  Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

38.  During all relevant periods, Defendants required Plaintiffs and Class members to work through meal/break periods.

39.  Both the California Labor Code and the pertinent wage orders required that Plaintiffs and members of the Class be compensated for the meal and break periods for which Defendants required them to work.  Defendants failed to compensate Plaintiffs and Class members for meal/break periods worked as required by law.

40.  By failing to consistently provide meal and rest periods to Plaintiffs and the Class, Defendants violated California Labor Code §§ 226.7 and 512.

41.  As a direct result of Defendants' willful conduct, Plaintiffs and the Class seek all available remedies for Defendants' violations, of California Labor Code §§ 226.7 and 512, according to proof.

9

1136224.1

*17*

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## FIFTH CAUSE OF ACTION FOR

Violation of California Wage Order No. 4 and California Labor Code §§ 226(a), 1174 & 1174.5

### (Against All Defendants)

42.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth herein again.

43.   Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the Plaintiffs and Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the Plaintiffs and the Class members by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

44.   The Plaintiffs and the Class members are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code §§ 226(e), including the greater amount of all actual damages according to proof or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period.

## SIXTH CAUSE OF ACTION FOR

California Unfair Competition Law § 17200, et seq.

### (Against All Defendants)

45.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth herein again.

46.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

*18*

47.     Beginning at a date unknown to Plaintiffs, but at least as long ago as June 2006, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendants' conduct as herein alleged has injured the Plaintiffs and the Class by wrongfully denying them earned wages, and therefore was substantially injurious to the Plaintiffs and to the Class.

48.     Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, California Labor Code §§ 201, 202, 203, 226, 226.7 510, 512, 558, 1174, 1174.5, 1194, 1197 and 2698.

49.     Each of these violations constitutes an independent and separate violation of the UCL.

50.     Defendants' course of conduct, acts and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

51.     The harm to the Plaintiffs and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

52.     The unlawful and unfair business practices and acts of Defendants, described above, have injured the Plaintiffs and the Class members in that they were wrongfully denied the payment of earned wages.

53.     The Plaintiffs, on behalf of themselves and the Class members, seeks attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code §§ 218, 218.5 and 1194.

54.    The Plaintiffs, on behalf of themselves and the Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than the applicable minimum wage, as well as the additional statutory amount provided by California Labor Code §§ 2698 and 2699 of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, all according to proof, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and the Class, pray for judgment and the following specific relief against the Defendants, and each of them, jointly and separately, as follows:

a.    For an Order certifying the Class and/or any other appropriate subclasses under Code of Civil Procedure § 382;

b.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each claim for relief, in an amount to be proven at trial, pursuant to statute and common law;

c.    Exemplary and punitive damages, as appropriate and available under each claim for relief, pursuant to California Civil Code § 3294;

d.    An Order restraining and/or enjoining Defendants from pursuing the policies, acts and practices complained of herein;

e.    Reasonable attorneys' fees pursuant to, inter alia, California Code of Civil Procedure § 1021.5, a common fund recovery and Labor Code § 1194(a);

f.    Costs of this suit;

g.    Prejudgment and postjudgment interest; and

h.    Such other and further relief as this Court deems just and proper.

12

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

## JURY DEMAND

2        Plaintiffs hereby demand a trial by jury.

3    Dated: July  1, 2010                        ADORNO YOSS ALVARADO & SMITH

4                                                        And

5                                              KLAFTER OLSEN & LESSER LLP

6                                              By:

7                                                  W. Michael Hensley
8                                                  Attorneys for Plaintiffs
                                                   Debbie Fitzpatrick-Seckler and
9                                                  Richard Silva, individually and on
                                                   Behalf of a Putative Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

13

COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES;
RESTITUTION AND INJUNCTIVE RELIEF

1136224.1

21

| SUMMONS FIRST AMENDED COMPLAINT | SUM-100 |
| --- | --- |

**SUMMONS** FIRST AMENDED COMPLAINT
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** KINDRED HEALTHCARE INC., KINDRED
**(AVISO AL DEMANDADO):** HEALTHCARE OPERATING, INC.,
KINDRED HOSPITALS WEST L.L.C. KINDRED NURSING CENTERS
WEST, L.L.C., THC-ORANGE COUNTY, INC. d/b/a KINDRED
HOSPITAL WESTMINSTER and DOES 1 THROUGH 100,
INCLUSIVE,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/14/2010** at 01:23:00 PM
Clerk of the Superior Court
By Adam Thau, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** DEBBIE FITZPATRICK-
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** SECKLER and RICHARD
SILVA, individually and on behalf of all others
similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es:) | CASE NUMBER: (Número del Caso): |
| --- | --- |
| ORANGE COUNTY SUPERIOR COURT, Civil Complex Center 751 W. Santa Ana Blvd. Santa Ana, CA 92701 | 30-2010-00386797 Hon. Ronald L. Bauer, Judge |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
W. Michael Hensley  SBN 90437          714-852-6800    714-852-6899
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA  92707

| DATE: (Fecha) July 14, 2010 | ALAN CARLSON | Clerk, by (Secretario) _____ | , Deputy (Adjunto) |
| --- | --- | --- | --- |
| | | A. THAU | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

22

1    W. MICHAEL HENSLEY (CA Bar No. 90437)
     mhensley@adorno.com
2    ROBERT J. STEIN (CA Bar No. 212495)
     rstein@adorno.com
3    ADORNO YOSS ALVARADO & SMITH
     A Professional Corporation
4    1 MacArthur Place, Suite 200
     Santa Ana, California 92707
5    Tel:  (714) 852-6800
     Fax: (714) 852-6899
6

7    JEFFREY A. KLAFTER
     SETH R. LESSER
8    FRAN L. RUDICH
     KLAFTER OLSEN & LESSER LLP
9    Two International Drive, Suite 350
     Rye Brook, NY  10573
10   Tel: (914) 934-9200
     Fax: (914) 934-9220
11

12   Attorneys for
     Plaintiff, individually and on behalf
13   of the Putative Class

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/14/2010** at 11:25:00 AM
Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| DEBBIE FITZPATRICK-SECKLER and RICHARD SILVA, individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> KINDRED HEALTHCARE INC., KINDRED HEALTHCARE OPERATING, INC., KINDRED HOSPITALS WEST L.L.C. KINDRED NURSING CENTERS WEST, L.L.C., THC-ORANGE COUNTY, INC. d/b/a KINDRED HOSPITAL WESTMINSTER and DOES 1 through 100, INCLUSIVE, <br><br> Defendants. | **CASE NO.:** 30-2010-00386797-CU-OE-CXC <br><br> Judge Ronald L. Bauer <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

*(left margin, vertical)* ADORNO YOSS ALVARADO & SMITH  ATTORNEYS AT LAW  SANTA ANA

1
FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR
DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

23

Plaintiffs Debbie Fitzpatrick-Seckler and Richard Silva individually and other similarly situated employees (hereinafter collectively "Plaintiffs" or "Named Plaintiffs"), bring this lawsuit against Defendants Kindred Healthcare, Inc., Kindred Healthcare Operating Inc., Kindred Hospitals West L.L.C., Kindred Nursing Centers West, L.L.C., THC-Orange County Inc., d/b/a/ Kindred Hospital Westminster and Does 1 through 100, inclusive (hereinafter, collectively "Defendants" or "Kindred") seeking to recover for Defendants violations of California wage and hour laws.

### The Parties

1.    This action is brought on behalf of all non-exempt employees of Kindred whose wages were subject to an automatic meal break deduction, even when those employees performed compensable work during these unpaid time periods.

2.    Plaintiffs on behalf of themselves and other current and former non-exempt employees of Defendants in California (the "Class"), seek relief for unremedied violations of California law, including but not limited to damages and/or restitution for non-payment of all wages due and owing them, for overtime pay for all hours worked over 40 in a workweek, compensation for labor provided without rest or meal period breaks, and for failure to provide accurate wage statements.

3.    Plaintiff Debbie Fitzpatrick-Seckler was, at all relevant times, an adult individual, residing in Huntington Beach, California.  Starting in or about January 2008 and continuing, Plaintiff Fitzgerald-Seckler has been employed by Defendants as a non-exempt licensed vocational nurse at Defendants' facility located at 200 Hospital Circle, Westminster, California.

4.    Plaintiff Richard Silva was, at all relevant times, and adult individual, residing in Tustin, California.  Starting in or about July 1993 and continuing thereafter, Plaintiff Silva has been employed by Defendants as a non-exempt respiratory care practitioner, at Defendant facility located at 200 Hospital Circle, Westminster, California (including Orange County).

---

2
FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR
DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

24

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

5.      Defendant, Kindred Healthcare, Inc. is a Delaware corporation, doing business within the State of California (including Orange County).

6.      Defendant, Kindred Healthcare Operating Inc., is a Delaware corporation, doing business within the State of California (including Orange County).

7.      Defendant, Kindred Hospitals West, LLC, is a Delaware limited liability company, wholly owned by Kindred Healthcare Operating, Inc., or an affiliate of the same, doing business within the State of California (including Orange County).

8.      Defendant, Kindred Nursing Centers West, LLC, is a Delaware limited liability company, wholly owned by Kindred Healthcare Operating, Inc., or an affiliate of the same, doing business within the State of California (including Orange County).

9.      Defendant, THC - Orange County, Inc., d/b/a Kindred Hospital Westminster, is a California corporation (including Orange County).

10.     The names and capacities of defendants sued herein under California Code of Civil Procedure § 474 as Does 1 through 100, inclusive, are presently not known to Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs, the members of the Class and the general public.

11.     According to its March 2010 Investor Presentation, Kindred Healthcare Inc., is a healthcare services company that operates hospitals, nursing centers and a contract rehabilitation services business across the United States.  It is the largest operator of long-term acute care hospitals (83), is the second largest operator of nursing and rehabilitation centers (222), and the second largest contract rehabilitation services business, providing rehabilitative services.  It operates through various subsidiaries and affiliates, including Kindred Healthcare Operating, Inc., Kindred Hospitals

3

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

25

West L.L.C., Kindred Nursing Centers West, L.L.C., and TC-Orange County, Inc. d/b/a Kindred

Hospital Westminster, and the Defendants here operate in concert and together in a common

enterprise and through related activities, as here relevant, so that the actions of one may be imputed

to the other and/or so that they operate as joint employees within the meaning of the laws set forth

herein.

12.     As is stated in the 2009 Annual Report of Kindred Healthcare, Inc., the Kindred

companies have annual revenues of over $4 billion and employee approximately 54,100 employees

in 41 states.

13.     According to the corporate website of the Kindred entities, site, Kindred operates at

least ten facilities in California.  See, http://www.kindredhealthcare.com/find-a-facility/.

14.     Defendants are, and all relevant times were, employers under applicable California

Industrial Welfare Commission Orders.

<u>**Venue**</u>

15.     The violations as alleged herein arose in Orange County, as well as other counties

throughout the state.

<u>**Defendants' Wage and Hour Violations**</u>

16.     Plaintiffs, on behalf of themselves individually and all others similarly situated non-

exempt employees of Defendants in California, allege that Defendants have a policy and practice of

automatically deducting 30-minute for meal/rest breaks from the pay of all non-exempt employees

even when they performed compensable work during these meal/rest breaks, in violation of

California's wage and hour laws, and thus routinely deny employees, such a Plaintiffs and the Class

their statutory rights.

17.     For at least four years prior to the filing of this Complaint, Defendants have willfully

committed widespread violations of California wage and hour laws.

4

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR
DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

## Class Action Allegations

18.     The Class is sufficiently numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the Class Period (namely, July 1, 2006 through the date that a class is certified), Defendants have employed hundreds of persons who satisfy the definition of the Class.

19.     There is a well-defined community of interest in the questions of law and fact.  The questions of law and fact common to the Class predominate over questions that may affect individual class members, including but not limited to:

a.     whether Plaintiffs and the Class were expected to and and/or mandated to regularly work during unpaid meal/rest breaks;

b.     whether Defendants failed to pay Plaintiffs and the Class for all hours they worked due to the fact that Defendants automatically deducted 30 minute meal/break periods notwithstanding that its non-exempt employees regularly performed compensable work during these "meal breaks;

c.     whether Defendants have failed to pay Plaintiffs and the Class all overtime compensation due them;

d.     whether Defendants failed to provide the Plaintiffs and the Class with  meal and/or rest brakes as required by law;

e.     whether Defendants failed to pay Plaintiffs and the Class for meal and/or rest brakes as required by law;

f.     whether Defendants failed to provide accurate wage statements to its employees; and

g.     whether the systematic acts and practices of the Defendants of failing to pay Plaintiffs and the Class for all hours they worked and for all overtime compensation due

5

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

them, violated the applicable provisions of the California Labor Code, including but not limited to §§ 201, 202, 203, 226, 226.7 510, 512, 558, 1174, 1174.5, 1194, 1197 and 2698, and applicable Industrial Welfare Commission Orders and California Business & Professions Code § 17200, *et seq.*

20.     The Plaintiffs' claims are typical of the Class members' claims.  The Plaintiffs, like other Class members, were subjected to Defendants' policy and practice of automatically deducting 30-minute meal periods even when they performed compensable work during these breaks.

21.     The Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel competent and experienced in the prosecution of complex class actions and wage and hour violations.

22.     Class certification of the claims are appropriate pursuant because Plaintiffs and the members of the Class have all suffered irreparable harm and damages as the result of Defendants' unlawful and wrongful conduct, including but not limited to Defendants' systematic failure to pay for all hours worked, systematic failure to pay overtime wages, systematic failure to provide for rest and meal breaks, systematic failure to pay for meal and/or rest brakes and failure to provide accurate wage statements. Absent class treatment, Defendants' unlawful conduct will likely continue unremedied and uncorrected since the damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of these claims.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### FIRST CAUSE OF ACTION FOR

**Violation of California Labor Law §§ 226, 510, 558, 1194 *et seq.*; Wage Order No. 4-2001**

**(Against All Defendants)**

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

28

23.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

24.     During all relevant periods, by virtue of automatically deducting 30-minute for meal/rest breaks from the pay of all non-exempt employees even when they performed compensable work during these meal/rest breaks, Defendants required Plaintiffs and members of the Class to work shifts in excess if eight hours per day, and to work in excess of 40 hours per week.

25.     During all relevant periods, both the California Labor Code and the pertinent wage orders required that all work performed by an employee in excess of eight hours in any workday, or in excess of 40 hours in any workweek, be compensated at one and one-half times the employee's regular rate of pay.

26.     Defendants failed to compensate Plaintiffs and the members of the Class for overtime hours they worked in excess of eight hours in any workday or in excess of 40 hours in any workweek, at one and one-half times their regular rate of pay.

27.     By their conduct, as set forth herein, the Defendants violated California Labor Code § 226 and Plaintiffs and the Class are entitled to recover their unpaid overtime compensation and liquidated damages arising therefrom according to proof.

## SECOND CAUSE OF ACTION FOR

## Violation Of California Labor Law § 1197

### (Against All Defendants)

28.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

29

29.     California Labor Code § 1197 provides "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

30.     Defendants failed to perform their obligations to compensate the Plaintiffs and the members of the Class, at least minimum wage for all hours worked, including but not limited to the time they performed compensable work during any unpaid meal/rest breaks.

31.     As a direct result of Defendants' Labor Code violations, the Plaintiffs and the members of the Class have suffered losses related to the use and enjoyment of compensation due and owing to them.  The Plaintiffs and the Class seek all available remedies for Defendants' violations, including, but not limited to, all wages due, penalties, monies, interest, liquidated damages pursuant to Labor Code § 1194.2, all according to proof, as well as attorneys' fees and costs.  Further, because Labor Code § 1197 is specified in Labor Code § 2699.5, the provisions of Labor Code § 2699.3(a) applies to the recovery of civil penalties in conjunction with the violation of Labor Code § 1197.

## THIRD CAUSE OF ACTION FOR

### Violation Of California Labor Law §§ 201, 202 & 203

#### (Against All Defendants)

32.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

33.     California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

30

34.     All Class members who ceased employment with Defendants are entitled to unpaid compensation, but, to date, have not received such compensation.

35.     More than 30 days have passed since particular California Class members left Defendants' employ.

36.     As a direct result of Defendants' willful conduct in not paying compensation for all hours worked, all Class members whose employment ended during the class period are entitled to 30 days' wages under Labor Code § 203 according to proof, together with interest thereon and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION FOR

### Violation Of California Labor Code §§ 226.7 & 512

#### (Against All Defendants)

37.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth again herein.

38.     During all relevant periods, Defendants required Plaintiffs and Class members to work through meal/break periods.

39.     Both the California Labor Code and the pertinent wage orders required that Plaintiffs and members of the Class be compensated for the meal and break periods for which Defendants required them to work.   Defendants failed to compensate Plaintiffs and Class members for meal/break periods worked as required by law.

40.     By failing to consistently provide meal and rest periods to Plaintiffs and the Class, Defendants violated California Labor Code §§ 226.7 and 512.

41.     As a direct result of Defendants' willful conduct, Plaintiffs and the Class seek all available remedies for Defendants' violations, of California Labor Code §§ 226.7 and 512, according to proof.

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

*31*

**FIFTH CAUSE OF ACTION FOR**

**Violation of California Wage Order No. 4 and California Labor Code §§ 226(a), 1174 & 1174.5**

**(Against All Defendants)**

42.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth herein again.

43.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the Plaintiffs and Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the Plaintiffs and the Class members by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

44.     The Plaintiffs and the Class members are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code §§ 226(e), including the greater amount of all actual damages according to proof or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period.

**SIXTH CAUSE OF ACTION FOR**

**California Unfair Competition Law § 17200, et seq.**

**(Against All Defendants)**

45.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference paragraphs 1 through 22 as if they were set forth herein again.

46.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

10

1137818.1

*32*

47.     Beginning at a date unknown to Plaintiffs, but at least as long ago as June 2006, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured the Plaintiffs and the Class by wrongfully denying them earned wages, and therefore was substantially injurious to the Plaintiffs and to the Class.

48.     Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, California Labor Code §§ 201, 202, 203, 226, 226.7 510, 512, 558, 1174, 1174.5, 1194, 1197 and 2698.

49.     Each of these violations constitutes an independent and separate violation of the UCL.

50.     Defendants' course of conduct, acts and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

51.     The harm to the Plaintiffs and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

52.     The unlawful and unfair business practices and acts of Defendants, described above, have injured the Plaintiffs and the Class members in that they were wrongfully denied the payment of earned wages.

53.     The Plaintiffs, on behalf of themselves and the Class members, seeks attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code §§ 218, 218.5 and 1194.

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

33

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

54.    The Plaintiffs, on behalf of themselves and the Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than the applicable minimum wage, as well as the additional statutory amount provided by California Labor Code §§ 2698 and 2699 of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, all according to proof, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and the Class, pray for judgment and the following specific relief against the Defendants, and each of them, jointly and separately, as follows:

a.    For an Order certifying the Class and/or any other appropriate subclasses under Code of Civil Procedure § 382;

b.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each claim for relief, in an amount to be proven at trial, pursuant to statute and common law;

c.    Exemplary and punitive damages, as appropriate and available under each claim for relief, pursuant to California Civil Code § 3294;

d.    An Order restraining and/or enjoining Defendants from pursuing the policies, acts and practices complained of herein;

e.    Reasonable attorneys' fees pursuant to, inter alia, California Code of Civil Procedure § 1021.5, a common fund recovery and Labor Code § 1194(a);

f.    Costs of this suit;

g.    Prejudgment and postjudgment interest; and

h.    Such other and further relief as this Court deems just and proper.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

12

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

34

1

## JURY DEMAND

2          Plaintiffs hereby demand a trial by jury.

3     Dated: July 12, 2010                    ADORNO YOSS ALVARADO & SMITH

4                                                      And

5                                             KLAFTER OLSEN & LESSER LLP

6

7                                             By: _____
                                                   W. Michael Hensley
8                                                  Attorneys for Plaintiffs
                                                   Debbie Fitzpatrick-Seckler and
9                                                  Richard Silva, individually and on
                                                   Behalf of a Putative Class
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS; CLAIMS FOR
DAMAGES; RESTITUTION AND INJUNCTIVE RELIEF

1137818.1

35

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1 │ W. MICHAEL HENSLEY (CA Bar No. 90437)
   │ mhensley@adorno.com
2 │ ROBERT J. STEIN (CA Bar No. 212495)
   │ rstein@adorno.com
3 │ CLAIRE M. SCHMIDT (CA Bar No. 262946)
   │ cschmidt@adorno.com
4 │ ADORNO YOSS ALVARADO & SMITH
   │ A Professional Corporation
5 │ 1 MacArthur Place, Suite 200
   │ Santa Ana, California 92707
6 │ Tel: (714) 852-6800
   │ Fax: (714) 852-6899
7 │
8 │ JEFFREY A. KLAFTER
   │ SETH R. LESSER
9 │ FRAN L. RUDICH
   │ KLAFTER OLSEN & LESSER LLP
10 │ Two International Drive, Suite 350
   │ Rye Brook, NY 10573
11 │ Tel: (914) 934-9200
   │ Fax: (914) 934-9220
12 │
   │ Attorneys for
13 │ Plaintiff, individually and on behalf
   │ of the Putative Class

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**07/26/2010** at 10:50:00 AM
Clerk of the Superior Court
By Elaine I Blomberg, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| DEBBIE FITZPATRICK-SECKLER and RICHARD SILVA, individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> KINDRED HEALTHCARE INC., KINDRED HEALTHCARE OPERATING, INC., KINDRED HOSPITALS WEST L.L.C. KINDRED NURSING CENTERS WEST, L.L.C., THC-ORANGE COUNTY, INC. d/b/a KINDRED HOSPITAL WESTMINSTER and DOES 1 through 100, INCLUSIVE, <br><br> Defendants. | **CASE NO.:** 30-2010-00386797-CU-OE-CXC <br><br> Assigned for all purposes to: Judge Ronald Bauer Department CX103 <br><br> NOTICE OF STATUS CONFERENCE AND RELATED MATTERS <br><br> **ACTION FILED:**   July 1, 2010 <br> **TRIAL DATE:**    **None** |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE of the following:

1. A Status Conference is scheduled for **November 29, 2010** at 9:00 a.m. in Department Cx103 in the above-entitled Court;

2. Plaintiff is ordered to file with the Court and serve, at least 10 days before the hearing, on all parties a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware.  Other parties may also submit, if necessary, similar summaries three court days prior to the Status Conference.

3. The case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308;

4. Each party who has not paid the Complex fee of $550.00 as required by Government Code Section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from July 19, 2010.  Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default;

5. The Court finds that this case is complex.

Plaintiff is ordered to give notice.  A true and correct copy of the minute order is attached as Exhibit "A".

DATED:  July 23, 2010

ADORNO YOSS ALVARADO & SMITH, A.P.C.
William M. Hensley
Robert J. Stein III

By: _____
William M. Hensley
Robert J. Stein III
Claire M. Schmidt
Attorneys for Plaintiffs
DEBBIE FITZPATRICK-SECKLER and
RICHARD SILVA on behalf of themselves and
The Putative Class

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

## MINUTE ORDER

Date: 07/19/2010                 Time: 01:44:00 PM          Dept:  CX103

Judicial Officer Presiding: Ronald L. Bauer
Clerk:  Janet E Frausto
Reporter/ERM: None
Bailiff/Court Attendant: None

Case No: **30-2010-00386797-CU-OE-CXC**  Case Init. Date: 07/01/2010
Case Title: **Fitzpatrick-Seckler vs. Kindred Healthcare Inc.**

Case Category: Civil - Unlimited        Case Type: Other employment

EVENT ID/DOCUMENT ID: 71025761
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

The  is scheduled for 11/29/2010 at 09:00 AM in Department Cx103.

Plaintiff shall, at least 10 before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware.  Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy

---

Case Title: **Fitzpatrick-Seckler vs. Kindred Healthcare**   Case No: **30-2010-00386797-CU-OE-CXC**
Inc.

of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on
7/19/2010 , at Santa Ana, California.
ALAN CARLSON/Executive Officer & Clerk Of The Superior Court, by: Janet Frausto  deputy.

W. Michael Hensley
ADORNO YOSS ALVARADO & SMITH
1 MacArthur Place Suite 200
Santa Ana, CA  92707

40

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Debbie Fitzpatrick-Seckler v. Kindred Healthcare, Inc., et al.*
OCSC Case No. 30-2010-00386797

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On July 26, 2010, I served the foregoing document described as **NOTICE OF STATUS CONFERENCE AND RELATED MATTERS** on the interested parties in this action.

☐   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☒   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 26, 2010, at Santa Ana, California.

*Donna F. Heflin*
Donna F. Heflin

1140435.1

*41*

1

2

**SERVICE LIST**
Debbie Fitzpatrick-Seckler v. Kindred Healthcare, Inc., et al.
OCSC Case No. 30-2010-00386797

3  The Corporation Trust Company
   Agent for Service of Process for
4  KINDRED HEALTHCARE, INC.
   Corporation Trust Center
5  1209 Orange Street
6  Wilmington, DE  19801

7  302-658-7581
   County:  New Castle
8

9  CT Corporation System
   Agent for Service of Process for
10 KINDRED HEALTHCARE OPERATING, INC.
   818 West Seventh Street
11 Los Angeles, CA  90017

12 CT Corporation System
   Agent for Service of Process for
13 KINDRED HOSPITALS WEST, L.L.C.
14 818 West Seventh Street
   Los Angeles, CA  90017
15

16 CT Corporation System
   Agent for Service of Process for
17 KINDRED NURSING CENTERS WEST, L.L.C.
   818 West Seventh Street
18 Los Angeles, CA  90017

19 CT Corporation System
   Agent for Service of Process for
20 THC-ORANGE COUNTY, INC.
   d/b/a KINDRED HOSPITAL WESTMINSTER
21 818 West Seventh Street
22 Los Angeles, CA  90017

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1140435.1

42

# EXHIBIT B

1   MANATT, PHELPS & PHILLIPS, LLP
    REBECCA L. TORREY (Bar No. CA 153866)
2   ANDREW L. SATENBERG (Bar No. CA 174840)
    JOANNA M. HOOPER (Bar No. CA 242029)
3   11355 West Olympic Boulevard
    Los Angeles, CA  90064-1614
4   Telephone:  (310) 312-4000
    Facsimile:  (310) 312-4224
5
    Attorneys for Defendants
6   KINDRED HEALTHCARE, INC., KINDRED HEALTHCARE
    OPERATING, INC., KINDRED HOSPITALS WEST, LLC,
7   KINDRED NURSING CENTERS WEST, LLC, and THC-ORANGE
    COUNTY, INC.
8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ORANGE

11

12   DEBBIE FITZPATRICK SECKLER and        Case No.  30-2010-00386797-CU-OE-CXC
     RICHARD SILVA, individually and on
13   behalf of all others similarly situated,   NOTICE TO THE CLERK OF THE ORANGE
                                                COUNTY SUPERIOR COURT AND TO
14             Plaintiffs,                      ADVERSE PARTY OF REMOVAL OF
                                                ACTION TO FEDERAL COURT
15        vs.

16   KINDRED HEALTHCARE INC.,
     KINDRED HEALTHCARE
17   OPERATING, INC., KINDRED
     HOSPITALS WEST, LLC, KINDRED
18   NURSING CENTERS WEST, LLC, THC-
     ORANGE COUNTY, INC., d/b/a
19   KINDRED HOSPITAL WESTMINSTER
     and  DOES 1 through 100, INCLUSIVE,
20
               Defendants.
21

22             TO THE CLERK OF THE ORANGE COUNTY SUPERIOR COURT AND TO

23   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24             PLEASE TAKE NOTICE that on August 5, 2010, Defendant Kindred Healthcare

25   Operating, Inc. filed a Notice of Removal of Civil Action to the United States District Court with

26   the Clerk of the United States District Court for the Central District of California, United States

27   Courthouse, 411 West 4th Street, Santa Ana, California 92701.  Pursuant to 28 U.S.C. section

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    EXHIBIT B                          43

1   1446(d), the filing of a copy of the Notice of Removal with the Clerk of this Court effects the

2   removal of this action.  This Court may not proceed further unless and until the action is

3   remanded.

4        Attached as **Exhibit A** is a true and correct copy of the Notice of Removal of Civil

5   Action to the United States District Court and all documents filed concurrently with and in

6   support of the Notice of Removal.

7

8   Dated:    August 5, 2010            MANATT, PHELPS & PHILLIPS, LLP
                                        Rebecca L. Torrey
9                                       Andrew L. Satenberg
                                        Joanna M. Hooper
10

11

12                                      By:  _____
                                            Joanna M. Hooper
13                                          *Attorneys for Defendants*
                                            KINDRED HEALTHCARE, INC., KINDRED
14                                          HEALTHCARE OPERATING, INC., KINDRED
                                            HOSPITALS WEST, LLC, KINDRED
15                                          NURSING CENTERS WEST, LLC, and THC-
                                            ORANGE COUNTY, INC.

16

17

    300133235.1
18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Beverly A. Stanfield, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614.

On August 6, 2010, I served the foregoing document described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§1441 AND 1446**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒ **(BY HAND DELIVERY)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) as stated on the attached service list..

☒ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 6, 2010, at Los Angeles, California.

_Beverly A. Stanfield_
Beverly A. Stanfield

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# SERVICE LIST

## SERVED BY HAND DELIVERY ONLY

W. Michael Hensley, Esq.
Robert J. Stein, Esq.
ADORNO YOSS ALVARADO & SMITH, APC
1 Mac Arthur Pl., Suite 200
Santa Ana, CA 92707
Telephone:  (714) 852-6800
Facsimile:   (714) 852-6899

## SERVED BY U.S. MAIL ONLY

Jeffrey A. Klafter, Esq.
Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
KLAFTER OLSEN & LESSER LLP
2 International Dr., Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:   (914) 934-9220

300134234.1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DEBBIE FITZPATRICK-SECKLER and RICHARD SILVA, individually and on behalf of all others similarly situated.

**DEFENDANTS**
KINDRED HEALTHCARE INC., KINDRED HEALTHCARE OPERATING, INC., KINDRED HOSPITALS WEST LLC, KINDRED NURSING CENTERS WEST, LLC, THC-ORANGE COUNTY, INC. d/b/a KINDRED HOSPITAL WESTMINSTER and DOES 1 through 100, INCLUSIVE

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Orange

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Delaware

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
W. Michael Hensley (SBN 90437), Robert J. Stein (SBN 212495)
Adorno Yoss Alvarado & Smith, APC, 1 MacArthur Pl., Ste. 200
Santa Ana, CA 92707; Phone: (714) 852-6800
Jeffrey A. Klafter, Seth R. Lesser, Fran L. Rudich
Klafter Olsen & Lesser LLP, 2 International Dr., Ste. 350
Rye Brook, NY 10573 Phone: (914) 934-9200

Attorneys (If Known)
Rebecca L. Torrey (SBN 153866), Andrew L. Satenberg (SBN 174840), Joanna M. Hooper (SBN 242029)
Manatt Phelps & Phillips LLP
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Phone: (310) 312-4000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No

☒ **MONEY DEMANDED IN COMPLAINT: $** None Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity of Citizenship under Class Action Fairness Act, 28 U.S.C. 1332(d) and 28 U.S.C. § 1453. Plaintiffs allege claims for unpaid wages and penalties, missed meal and rest periods, failure to provide properly itemized and accurate wage statements under the Labor Code, conversion, and unfair business practices.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI(405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**SACV10-01188 CJC (MLGx)**

American LegalNet, Inc. www.USCourtForms.com

VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY:    Case Number: _____ .

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
       ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Orange County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
State of Delaware (Defendants Kindred Healthcare Operating Inc., Kindred Healthcare Inc., Kindred Hospitals West, LLC, Kindred Nursing Centers West, LLC)
Orange County (Defendant THC-Orange County d/b/a Kindred Hospital Westminster)

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
Orange County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date August 5, 2010

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Beverly A. Stanfield, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614.

On August 6, 2010, I served the foregoing document described as:

**CIVIL COVER SHEET**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒  **(BY HAND DELIVERY)**  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) as stated on the attached service list..

☒  **(BY U.S. MAIL)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 6, 2010, at Los Angeles, California.

*Beverly A. Stanfield*
Beverly A. Stanfield

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# SERVICE LIST

## SERVED BY HAND DELIVERY ONLY

W. Michael Hensley, Esq.
Robert J. Stein, Esq.
ADORNO YOSS ALVARADO & SMITH, APC
1 Mac Arthur Pl., Suite 200
Santa Ana, CA 92707
Telephone:  (714) 852-6800
Facsimile:  (714) 852-6899

## SERVED BY U.S. MAIL ONLY

Jeffrey A. Klafter, Esq.
Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
KLAFTER OLSEN & LESSER LLP
2 International Dr., Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:  (914) 934-9220

300134213.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1188 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.